UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No 7:08-cv-03680-SCR

Coastal Sales Associates, Inc.,

    Plaintiff / Counterdefendant,

vs.

Keepjoy Industrial Company, Limited; and Lily Lee; ABC Corporations I-V; XYZ Limited Liability Companies I-V; Black Partnerships I-V; White Business Entities I-V; and John and Jane Does I-V;

    Defendants / Counterclaimants.
_____/

## REPLY TO COUNTERCLAIM

Plaintiff/Counterdefendant Coastal Sales Associates, Inc. (hereinafter "CSA"), pursuant to Rules 12 and 13, FRCP, through undersigned counsel, reply to Defendants' Counterclaim as follows:

### COUNTERCLAIM I

### (Tortious Appropriation of Property Rights in Trade Dress)

1.    Answering paragraph 1, Counterdefendant admits that it placed purchase orders with Counterclaimants to manufacture items for its Temp-tations® product line. Counterdefendant admits that a portion of Exhibit A contains copies of some of the purchase orders placed with Counterclaimants.

2.    Answering paragraphs 2 and 3, Counterdefendant denies the allegations therein.

3.    Answering paragraph 4, Counterdefendant admits that it sells its Temp-tations® line to others. Counterdefendant did not receive conforming goods from

Counterclaimant and, therefore, denies the remaining allegations therein.

4. Answering paragraph 5, Counterdefendant denies the allegations contained therein.

5. Answering paragraph 6, Counterdefendant admits that Counterclaimants, individually and/or in concert with Wei Xiangbin attempted to appropriate Counterclaimants intellectual property and attempted to obtain Chinese patent protection for Counterclaimant's designs.

6. Answering paragraph 7, Counterdefendant denies the allegations contained therein and affirmatively asserts that Wei Xiangbin assigned the misappropriated patents to Counterclaimant when Counterclaimant learned of the attempted misappropriation and confronted Counterclaimants. See Assignment, attached hereto as Exhibit 1.

7. Answering paragraph 8, Counterdefendant denies the allegations contained therein.

8. Answering paragraph 9, Counterdefendant admits that it filed a Complaint in the Supreme Court of New York, County of Orange, alleging deceptive trade practices, trade dress infringement, unfair competition and unjust enrichment.

9. Answering paragraph 10, Counterdefendant admits that it learned, after the fact, of Counterclaimants duplicitous conduct in filing for patent protection on Counterclaimant's intellectual property and affirmatively asserts that, upon confrontation, Counterclaimants admitted their duplicity and assigned the misappropriated patents to Counterdefendant. See Exhibit 1 hereto.

10. Answering paragraphs 11, 12 and 13, Counterdefendant denies the

allegations contained therein.

## COUNTERCLAIM II

### (Breach of Contract)

11. Answering paragraph 14, Counterdefendant incorporates all of its answers to paragraphs 1-13 of the Counterclaim as if fully set forth herein.

12. Answering paragraph 15, Counterdefendant admits that it placed orders with Counterclaimants to manufacture products for its Temp-tations line. Counterdefendant lacks sufficient information regarding the creation or basis of Exhibit C of the Counterclaim to form a belief as to the nature and credibility of its provenance and, therefore, denies that the document is sufficiently reliable to form the basis of an allegation. Counterdefendant, therefore, denies the remaining allegations contained in paragraph 15.

13. Answering paragraph 16, Counterdefendant admits that it accepted and paid for conforming goods manufactured and shipped by Counterclaimant. Counterdefendant denies that any outstanding balance is due Counterclaimants.

14. Answering paragraphs 17, 18 and 19, Counterdefendant denies the allegations contained therein.

15. Counterdefendant denies each and every allegation of the Counterclaim not specifically admitted herein.

### AFFIRMATIVE DEFENSES

16. As and for an affirmative defense, Counterdefendant alleges that, pursuant to FRCP 12(b)(6), the Counterclaim contains no allegation upon which relief may be granted and should, therefore, be dismissed in its entirety.

17. As and for an affirmative defense, Counterdefendant alleges that, pursuant to the Lanham Act § 43(a) and the holding in *Wal-Mart Stores, Inc. v. Samara*

*Brothers, Inc.*, 529 U.S. 205, 120 S. Ct. 1339, 54 U.S.P.Q.2d 1065 (2000), product design trade dress can never be classified as inherently distinctive and a claimant alleging trade dress rights must always prove that the design has acquired secondary meaning in the marketplace.  Pursuant to the above standard, Counterdefendant alleges the following:

      a.  Counterclaimant nowhere alleges use in commerce of the subject trade dress, let alone alleges that Counterclaimants have established, through use, any secondary meaning in the marketplace.  Upon information and belief, Counterclaimant has no authorized use of Counterdefendant's trade dress;

      b.  Counterclaimant is not the original manufacturer of the designs embodied, is not the original designer, and was, in fact, the *third* manufacturer for CSA.

      c.  Counterdefendant owns all the designs referenced in its Complaint and in the Counterclaim, is the only authorized user thereof, and is the only party with use in commerce.  Said extensive and long-term use of Counterdefendant's distinctive trade dress in interstate commerce has resulted in the acquisition of significant secondary meaning in the minds of consumers.

Because only Counterdefendant has use in commerce of the subject trade dress, and because such trade dress has acquired significant secondary meaning through Counterdefendant's use in interstate commerce of the very distinctive trade dress, Counterclaim I must fail.

18. As and for an affirmative defense, Counterdefendant alleges that Counterclaimants, by means of the Assignment executed by Wei Xiangbin, have waived any claim to the intellectual property embodied in the patents filed by Wei Xiangbin.

19. As and for an affirmative defense, Counterdefendant alleges release and accord and satisfaction.  Counterclaimant accepted Counterdefendant's final payment of $25,000.00, as attested by Counterclaimant Lily Lee in the email dated June 21, 2007 and her acceptance of the wire transfer dated June 22, 2007, as full and final payment of "all open claims for all businesses with us up to 21 June 2007."  See email and wire transfer attached hereto as Exhibit 2.

20. As and for an affirmative defense, Counterdefendant alleges that Counterclaimants and Counterdefendant are Merchants who deal in goods of the kind that are the subject matter of this litigation.  Counterdefendant further alleges that Counterclaimants hold themselves out – individually or in concert – to have knowledge or skill peculiar to the manufacture of the subject goods.

21. As and for an affirmative defense, Counterdefendant alleges that Counterclaimants were provided in advance all the specifications, designs, drawings and the like for the Temp-tations® line of products and that Counterclaimants were retained solely on a work-for-hire basis to manufacture same.  Counterclaimants did not independently develop any of the specifications, designs, drawings or the like, but merely attempted to manufacture products to conform to those specifications.

22. As and for an affirmative defense, Counterdefendant alleges that it paid for all goods accepted by Counterdefendant that conformed to the specifications provided.

23. As and for an affirmative defense, Counterdefendant alleges that it immediately rejected tender of all non-conforming goods from Counterclaimants, which

rejection comprise the vast majority of goods attempted to be tendered to Counterdefendant. Counterdefendant further provided specific and detailed reasons for the rejection of the non-conforming goods and provided more than ample time for Counterclaimants to substitute a conforming tender. Despite provision of reasons for rejection of the tender and ample time to substitute a conforming tender, Counterdefendant did not tender conforming goods. Therefore, Counterdefendant has no obligation to pay for the non-conforming goods that were never delivered or accepted.

24.     Defendant hereby reserves the right to amend or supplement this Answer if other affirmative defenses become known to it in the course of discovery in this litigation including, but not limited to, all affirmative defenses listed in Federal Rule of Civil Procedure 8(c).

25.     As and for an affirmative defense, Counterdefendant alleges that the Counterclaim is wholly unsupportable by the evidence in this case and is presented for an improper purpose; viz., to harass Counterdefendant or cause unnecessary delay/needless increase in the cost of the litigation. Counterdefendant therefore asserts that it is entitled to reimbursement of its attorneys' fees incurred herein.

WHEREFORE, having fully replied to the Counterclaim, Counterdefendant prays that it be dismissed, for its costs and reasonable attorneys' fees incurred herein, and for such other and further relief as the Court may deem reasonable and just.

. . .



. . .

DATED this 21st day of May, 2008.

/Arlen L. Olsen/
Arlen L. Olsen, Esq. # AO9905
aolsen@iplawusa.com
SCHMEISER, OLSEN & WATTS, LLP
18 East Unversity Drive, Suite 101
Mesa, Arizona 85201
Telephone: (480) 655-0073
Facsimile: (480) 655-9536
*Attorney for Plaintiff/Counterdefendant*
*Coastal Sales Associates, Inc.*

CERTIFICATE OF SERVICE

I certify that on this 21st day of May, 2008, I electronically transmitted the attached documents to the Clerk's Office using the ECF system for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Kevin K. Tung, Esq.
Lawrence Yang, Esq.

/Wendy Zepeda/
Wendy Zepeda
wzepeda@iplawusa.com

**EXHIBIT 1**

# PATENT APPLICATION TRANSFER AGREEMENT

This Patent Application Transfer Agreement ("Transfer Agreement") is made and entered into by and between:

**Party A:** WEI, Xiangbin
**ID Number:** 441423197411031030
**Address:** 1104 Yarange, No. 1 Yaranju, Baoan District, Shenzhen

**Party B:** Coastal Sales Associates, Inc.
**Address:** 62 Leone Lane, Chester
New York, 10918, U.S.A

Whereas, WEI, Xiangbin filed 21 patent applications for Design as defined in Article 1;

Whereas, WEI, Xiangbin agrees to transfer the right of application of these 21 patent applications and their priorities back to Coastal Sales Associates, Inc.;

Now, therefore, in consideration of the mutual covenants and promises contained herein, WEI, Xiangbin and Coastal Sales Associates, Inc. agree as follows after friendly negotiation:

**Article 1: Definitions**

1. "Patent Applications" transferred means the following applications for Design in China:

   1) Title: Dish (KJ-01)
      Application Number: CN200630124449.5
      Filing Date: 2006-07-21
      Applicant: WEI Xiangbin
   2) Title: Dish (KJ-02)
      Application Number: CN200630124448.0
      Filing Date: 2006-07-21
      Applicant: WEI Xiangbin

1

3) Title: Dish (KJ-03)
   Application Number: CN200630124447.6
   Filing Date: 2006-07-21
   Applicant: WEI Xiangbin
4) Title: Dish (KJ-04)
   Application Number: CN200630124446.1
   Filing Date: 2006-07-21
   Applicant: WEI Xiangbin
5) Title: Bowl (KJ-05)
   Application Number: CN200630124443.8
   Filing Date: 2006-07-21
   Applicant: WEI Xiangbin
6) Title: Dish (KJ-06)
   Application Number: CN200630124444.2
   Filing Date: 2006-07-21
   Applicant: WEI Xiangbin
7) Title: Dish (KJ-07)
   Application Number: CN200630124445.7
   Filing Date: 2006-07-21
   Applicant: WEI Xiangbin
8) Title: Dish (KJ-08)
   Application Number: CN200630124441.9
   Filing Date: 2006-07-21
   Applicant: WEI Xiangbin
9) Title: Dish (KJ-09)
   Application Number: CN200630124440.4
   Filing Date: 2006-07-21
   Applicant: WEI Xiangbin
10) Title: Dish (KJ-10)
    Application Number: CN200630124439.1
    Filing Date: 2006-07-21
    Applicant: WEI Xiangbin
11) Title: Pot (KJ-11)
    Application Number: CN200630124438.7
    Filing Date: 2006-07-21
    Applicant: WEI Xiangbin

12) Title: Dish (KJ-12)
    Application Number: CN200630124437.2
    Filing Date: 2006-07-21
    Applicant: WEI Xiangbin
13) Title: Dish (KJ-13)
    Application Number: CN200630124436.8
    Filing Date: 2006-07-21
    Applicant: WEI Xiangbin
14) Title: Dish (KJ-14)
    Application Number: CN200630124442.3
    Filing Date: 2006-07-21
    Applicant: WEI Xiangbin
15) Title: Bowl (KJ-15)
    Application Number: CN200630124435.3
    Filing Date: 2006-07-21
    Applicant: WEI Xiangbin
16) Title: Dish (KJ-16)
    Application Number: CN200630124434.9
    Filing Date: 2006-07-21
    Applicant: WEI Xiangbin
17) Title: Dish (KJ-17)
    Application Number: CN200630124450.8
    Filing Date: 2006-07-21
    Applicant: WEI Xiangbin
18) Title: Dish (KJ-18)
    Application Number: CN200630124430.0
    Filing Date: 2006-07-21
    Applicant: WEI Xiangbin
19) Title: Dish (KJ-19)
    Application Number: CN200630124433.4
    Filing Date: 2006-07-21
    Applicant: WEI Xiangbin
20) Title: Dish (KJ-20)
    Application Number: CN200630124432.X
    Filing Date: 2006-07-21
    Applicant: WEI Xiangbin

21) Title: Dish (KJ-21)
    Application Number: CN200630124431.5
    Filing Date: 2006-07-21
    Applicant: WEI Xiangbin

2. "Parties" means WEI, Xiangbin and Coastal Sales Associates, Inc.;

3. "China Patent Office" means the Patent Office of the State Intellectual Property Office of the People's Republic of China;

### Article 2: Duties and Obligations of Party A

1. Party A guarantees that no third party holds any rights in relation to the patent applications.

2. Party A agrees to transfer all the rights of the patent applications in China, including but not limited to the ownership rights, to Party B as of the date of this agreement.

3. Party A further guarantees to provide all the documents in relation to the patent applications, including but not limited to:
   1) copy of the whole application documents filed with the China Patent Office, comprising the request for Design, design figures or pictures, brief description to the design figures or pictures, Power of Attorney, etc.
   2) the original copy of all notifications issued to the Party A by the China Patent Office, including the official receipt, etc.
   3) the patent application license agreement if the Party A already licensed the third party to enforce the patent applications before the date of this agreement, including its attachments or exhibits, etc.

4. Party A agrees to consign all the materials included in the item 4(2) above while signing this agreement, and the materials included in the item 4(1) and 4(3) above to the lawyer of Party B in 15 days from the date of this agreement by way of face to face. The address to make consignation is: Room 1103, News Building, No.2 Shennan Zhonglu, Shenzhen.

### Article 3: Duties and Obligations of Party B

Party B shall be responsible for recording the change of the applicant for the patent applications with the China Patent Office and paying corresponding fees, including official fees and lawyer's service fees.

### Article 4: Term

This agreement will be effective from the date of this Transfer Agreement.

### Article 5: Confidentiality

The Parties hereto shall keep the terms and conditions of this Agreement confidential and shall not divulge the same or any part thereof to any third party except: (i) with the prior written consent of the other party; or(ii) to any governmental body having jurisdiction to request and to read the same; or (iii) as otherwise may be required by law or legal process; or(iv) to legal counsel representing either party; or(v) as required for review by the competent authorities of the Chinese or the U.S.A Governments.

### Article 6: Breach of Contract

If Party A does not consign the materials included in the item 4 of the Article 2 in time, the Party A shall reimburse to Party B all the expense that Party B paid for recording the change of the applicant.

### Article 7: Dispute Resolution

Any dispute, disagreement, or request for rights arising out of or in relation to this agreement and appendix, or any need for explanation of this agreement and the appendix, or violation of this Agreement and the appendix, or question as to the effectiveness of this agreement and the appendix must be attempted to be solved through friendly negotiation first. This negotiation shall be commenced after either party contacts the other party in writing. If no agreement can be reached through friendly negotiation, the dispute shall be solved through the China International Economic and Trade Arbitration Commission.

### Article 8: Severability

If any term, clause or provision of this Agreement shall be judged by the competent authority to be invalid, the validity of any other term, clause or provision shall not be affected; and such invalid term, clause or provision shall be deemed deleted from this Transfer Agreement.

5

### Article 9: Applicable Law

The conclusion, efficacy, interpretation, implementation and termination of this Agreement and the resolution of any dispute shall be governed by the laws of the People's Republic of China. Any matter that is not stipulated in the laws of the People's Republic of China shall be solved applying the principle and practice of international law.

### Article 10 Miscellaneous

This agreement is written in both English and Chinese with two original copies written in each language. Party A and Party B shall both have original copies in English and Chinese. The aforementioned two versions of the contract both hold equal status in law and are equally effective. Both parties certify that they have carefully reviewed both the English and Chinese versions of this agreement and agree that in all ways and in practical application both versions are the same.

In view of the above, WEI, Xiangbin and Coastal Sales Associates, Inc. have instructed their representatives to sign and date this agreement below:

Party A:  
    WEI, Xiangbin

*Signed and Sealed by:*

_____  
(Signature and Title)

Date: 2006-9-15

Party B:  
    Coastal Sales Associates, Inc.

*Signed and Sealed by:*

_____  
(Signature and Title)

Date: 9/29/06

6

**EXHIBIT 2**

# Cynthia Beck

**From:** Maprop@aol.com
**Sent:** Wednesday, April 16, 2008 7:44 AM
**To:** Cynthia Beck
**Cc:** Al Schmeiser
**Subject:** Re: Keepjoy Email 06/21/07

*04/16/08 - Re: Keepjoy Email 06/21/07*

*Hi Cynthia*

*Further to your memo and our conversation and the part where Lily Lee's counsel said that Lily claims CSA still owes her $$ for temp-tations, please see the email below from Lily Lee to Paul R and stating that upon payment of $ 25k, all claims by KJ vs. CSA are done without arrears. We are looking for a written release and to see if the money went by check with further release language or by wire. Al and I preferred a written release first, however we do have this. We will call later to discuss. Thanks Cynthia. Best regards, Jonathan*

Return-Path: <lily@keepjoy.com.cn>
Received: from rly-yi02.mx.aol.com (rly-yi02.mail.aol.com [172.18.180.130]) by air-yi02.mail.aol.com (v117.7) with ESMTP id MAILINYI23-7af467a382fc9; Thu, 21 Jun 2007 04:35:09 -0400
Received: from svrb.sz.net.cn (svra.sz.net.cn [219.133.47.172]) by rly-yi02.mx.aol.com (v117.7) with ESMTP id MAILRELAYINYI21-7af467a382fc9; Thu, 21 Jun 2007 04:34:57 -0400
Received: from [219.133.47.162] (HELO mx2.sz.net.cn) by svrb.sz.net.cn (CommuniGate Pro SMTP 5.0.8) with ESMTP id 1490670 for PEG6037@aol.com; Thu, 21 Jun 2007 16:45:08 +0800
Received: from [121.34.11.163] (account lily@keepjoy.com.cn HELO keepjoy) by mx2.sz.net.cn (CommuniGate Pro SMTP 4.1.8) with ESMTP id 7316499; Thu, 21 Jun 2007 16:54:18 +0800
Message-ID: <004c01c7b3df$086c6970$6401a8c0@keepjoy>
From: "lily" <lily@keepjoy.com.cn>
To: PEG6037@AOL.COM
Cc: "David wu" <davidxgwu@yahoo.com>
References: <auto-000007304120@mx2.sz.net.cn> <1719776491-1182356044-cardhu_decombobulator_blackberry.rim.net-1876093224-@bxe114.bisx.prod.on.blackberry>
Subject: Re: CSA
Date: Thu, 21 Jun 2007 08:34:50 +0000
MIME-Version: 1.0
Content-Type: text/plain; charset="utf-8"
Content-Transfer-Encoding: base64
X-Priority: Normal
X-MSMail-Priority: Normal
X-Mailer: Microsoft Outlook Express 6.00.2900.3138
X-MimeOLE: Produced By Microsoft MimeOLE V6.00.2900.3138
X-AOL-IP: 219.133.47.172

Dear Paul,

We herewith write this letter to confirm that the payment of the final 25K by CSA will close all open claims for all businesses with us up to 21 June 2007. After their payment, no amount in arrear exists.

Best regards.

5/14/2008

Lily

Keepjoy Industrial Co., Limited

Tel:0086-755-82379951  82379952

Fax:0086-755-82379953

E-mail:lily@keepjoy.com.cn

---

It's Tax Time! Get tips, forms and advice on AOL Money & Finance.

5/14/2008

UNION STATE BANK
100 DUTCH HILL ROAD
ORANGEBURG, NEW YORK    10962

OUTGOING WIRE TRANSFER ADVICE
DATE:    6/22/07

DEAR CUSTOMER:
THE FOLLOWING WIRE TRANSFER HAS BEEN SENT AND CHARGED TO YOUR ACCOUNT. PLEASE
RECORD THE TRANSFER IN YOUR RECORDS.

COASTAL SALES ASSOCIATES INC
62 LEONE LANE
CHESTER N Y 10918

REFERENCE #=           4926
ACCOUNT=               120005298
WIRE AMOUNT=           25,000.00
SERVICE CHARGE=        25.00
RECEIVING BANK=STANDARD CHART
BENEF. BANK=    UNION STATE BK
BENEFICIARY=KEEPJOY INDUSTRIAL CO. LTD
BENEF. ACCOUNT #=485560411
MESSAGE=BY ACCEPTING THIS WIRE TRANSFER
THIS CONCLUDES ALL FINANCIAL
INDUSTRIAL CO LTD